failed in its supposed duty to construct a sewer large enough, or upon a plan, to meet the wants of the plaintiff. This furnishes no just ground of complaint, unless the plaintiff is worse off after the sewer was built than he was before. Counsel has cited other cases. They have all been examined with care, but it is thought that none of them in any degree weakens the rule quoted above from Urquhart v. City of Ogdensburg and from Mills v. City of Brooklyn. The Case of Mills, supra, has been repeatedly cited and restated. See McCarthy v. City of Syracuse, 46 N. Y. 196; Clark v. City of Rochester, 43 Hun, 274.

I have come to the conclusion that the plaintiff must fail in this case. I do not see how any other result could be reached. I think the undisputed facts bring the case squarely within the rule of nonliability in the Mills Case. There are other questions in the case,—the damages, and a question about the presentation of the claim to the city before suit; but, if I am right in the main proposition, their consideration is unnecessary.

There should be judgment for the defendant, dismissing the complaint, upon the merits, with costs.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

M. B. Jewell, for appellant.
Allen J. Hastings, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of the referee.

(64 App. Div. 587.)

CITY OF SYRACUSE v. HUBBARD et al.

(Supreme Court, Appellate Division, Fourth Department. October 1, 1901.)

1. CONSTITUTIONAL LAW—CLAIMS AGAINST CITY.
    A city had incurred liabilities in excess of its charter limitations and its appropriations, and was not liable therefor, and the auditing board was prohibited from paying the same. Laws 1901, c. 402, authorized certain designated persons to audit such claims as the city was equitably liable for, which persons were not authorized to interfere with the regular auditing officers of the city. *Held*, that the statute was constitutional.

2. SAME—LEGISLATIVE POWERS.
    The legislature has power to charge the payment of a deficiency against a city for liabilities incurred in excess of its appropriations and charter limitations, so far as the claims are based on an equitable or a legal ground.

3. SAME—CITY OFFICERS.
    The persons designated by Laws 1901, c. 402, to audit outstanding claims against the city, were not city officers, within the meaning of Const. art. 10, § 2, providing for the election of city officers not provided for by the constitution by the electors of the city, or their appointment by such authorities thereof as the legislature shall designate.

4. SAME—COURTS.
    That persons appointed under Laws 1901, c. 402, to audit claims against the city in excess of its charter limitations, were authorized to take testimony, did not render them a court of inferior jurisdiction, within the meaning of Const. art. 6, § 18.

Appeal from special term, Onondaga county.

Action by the city of Syracuse against Charles Hubbard and others. From an order vacating a temporary injunction, plaintiff appeals. Affirmed.

The following is the opinion of MERWIN, J., delivered at special term:

The plaintiff claims that chapter 402 of the Laws of 1901 is unconstitutional. If so, the injunction should continue. The deficiency sought to be provided for by this act arose from the fact that in the year 1899 liabilities were created and expenditures incurred largely in excess of appropriations and charter limitations. For such excess the city was not, under its charter, liable, and the common council, the then auditing body, were prohibited from auditing or paying the same. Laws 1885, c. 26, § 229. In the complaint it is alleged that some of the items of the deficiency are legal and can be enforced at law against the city. This is denied by the answer. Upon the 1st of January, 1900, chapter 182 of the Laws of 1898 became applicable to the city of Syracuse. Under this act (section 65) the comptroller was the auditing officer, subject to appeal to the board of estimate and apportionment. Nothing seems to have been done in the year 1900 toward the audit or payment of any legal claims that may have been included in the deficiency. By the act in question the defendants were authorized and directed to audit all outstanding claims against the city which the city is legally or equitably obligated to pay, and which were incurred in the year 1899. This evidently referred to the claims which had not been paid by reason of the deficiency existing in 1899. It is so alleged in the complaint and admitted in the answer. The claim of the plaintiff is that the act of 1901 is unconstitutional and void, in that it assumes to confer upon the defendants the power of auditing claims against the city, thereby, in effect, as the plaintiff claims, appointing them city officers, in violation of section 2 of article 10 of the constitution, which provides that all city officers whose election or appointment is not provided for by the constitution shall be elected by the electors of the city, or appointed by such authorities thereof as the legislature shall designate. It has been held that this constitutional provision relates only to such offices as existed at the time the constitution took effect. People v. Draper, 15 N. Y. 532; Sun Printing & Publishing Ass'n v City of New York, 8 App. Div. 230, 255, 40 N. Y. Supp. 607; affirmed in 152 N. Y. 257, 46 N. E. 499, 37 L. R. A.' 788. The power of audit conferred upon the defendants, and which, if anything, made them city officers, was beyond the auditing power possessed by the common council in 1899, or at the time of the adoption of the constitution. So that, if the existence of the office as a city office is to be determined by the functions of the new officer (People v. Pinckney, 32 N. Y. 377, 382), it did not exist at the time the constitution took effect, and the restriction upon the legislature would not apply. Assume that as to some of the items of the deficiency the power to audit now exists in the comptroller; it would not necessarily follow that the act was invalid. In Astor v. Mayor, etc., 62 N. Y. 567, it was held that the constitutional provision referred to does not prohibit the legislature from clothing officers appointed by it for the purpose of carrying out a public improvement with power to perform acts which have a special relation to and connection with such improvement, simply because the power to perform such acts was at the time of the adoption of the constitution vested in local officers elected by the people. Views in the same direction have been expressed in other cases. People v. McDonald, 69 N. Y. 362; In re Mayor, etc., of City of New York, 99 N. Y. 569, 2 N. E. 642; Hanlon v. Board, 57 Barb. 397; Greaton v. Griffin, 4 Abb. Prac. (N. S.) 310; Town of Kirkwood v. Newburg, 45 Hun, 323, 327. These authorities give support to the proposition that if the legislature, in providing for the accomplishment of a particular specific object which it has power to accomplish, designates some person to perform a specific duty that might be performed by a local city or town officer, the fact that such person is charged with that duty does not make him a city or town officer, within the meaning of the constitution, so long as the general duty or functions of the local officers are not interfered with. Undoubtedly the legislature had power to charge upon the city the payment of the claims constituting the deficiency, so far as there was a legal or equitable basis for the same. Mayor, etc., of City of New York v. Tenth Nat. Bank, 111 N. Y. 446, 459, 18 N. E. 618. The power conferred upon the de-

fendants was limited both in subject and in time. They were required to complete their work by the 15th of August, 1901. Practically there was no interference with the auditing officer of the city in the performance of his regular duties.

It is urged that, if any claims against the city are to be audited, it should be done by the regular auditing officer of the city, but I am not referred to any constitutional provision that in substance provides that no claim shall be paid by a city unless it is audited by its own auditing officer. It is urged that as to some of the claims the city has upon the merits a good defense, the benefit of which it may lose. In this respect I cannot assume that the rights of the city will not be fully protected in any action the defendants may take.

I am of the opinion that the defendants are not city officers, within the meaning of section 2 of article 10 of the constitution, and their appointment, therefore, is not in violation of that section. Nor do I find any basis for saying that the appointment is in violation, as alleged in the complaint, of section 18 of article 6 of the constitution. The right to take testimony in respect to the matters before them does not make them a court, within the meaning of that section. Similar power is often given to boards of audit. The defendants have taken the oath required by the act, which in effect exempts them from any further oath under the power given by the constitution.

I therefore conclude that the act is not unconstitutional, and that the motion for a continuance of the injunction should be denied.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

M. Z. Haven, Corp. Counsel, and J. S. Thorn, for appellant.
Alexander H. Cowie, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, upon opinion of MERWIN, J., delivered at special term. All concur.

---

ROSENTHAL v. RUDNICK et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. ACTION—COMPROMISE BY AGREEMENT—CONSIDERATION—ACTION BY ASSIGNEE.
   Where, before the return day of a summons, defendant paid plaintiff a less sum than demanded, together with costs, on an agreement that the suit would be discontinued, but subsequently plaintiff took judgment, whereby defendant was obliged to pay additional costs, etc., an assignment by defendant of the cause of action, resulting from plaintiff's breach of the agreement, entitled the assignee to maintain an action thereon, irrespective of the consideration for the assignment.

2. SAME—PLEADING.
   A complaint alleged that plaintiff, having been sued by defendant for the recovery of a certain sum claimed to be due, paid defendant a less sum on an agreement that the suit would be dismissed, but that subsequently defendant took judgment, whereby plaintiff was obliged to pay additional costs, etc. Held that, as the complaint contained no admission that the original debt existed, but only that a sum was claimed, the rule that a payment by a debtor of a sum less than the debt will not extinguish a claim for the balance did not render the complaint demurrable as failing to state a cause of action.

Appeal from municipal court of New York.

Action by Charles Rosenthal against Jacob Rudnick and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.